UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SANDRA L. WILSON,

        Plaintiff,

v.                                   Case No. 5:07-cv-394-Oc-10GRJ

WAL-MART STORES, INC., WAL-MART
STORES EAST, INC., and WAL-MART
STORES EAST, L.P.,

        Defendants.
_____

### **ORDER**

Pending before the Court is Plaintiff's Motion for Presumption and Inference Arising from Spoilation of Evidence Against Defendants (Doc. 18) to which the Defendants filed a Response in Opposition. (Doc. 21.) For the following reasons, Plaintiff's Motion for Presumption and Inference Arising from Spoilation of Evidence Against Defendants (Doc. 18) is due to be **DENIED.**

### **I. BACKGROUND**

Plaintiff filed suit against her former employer, Wal-Mart, alleging claims for employment discrimination in violation of the Americans with Disabilities Act ("ADA"),[1] and in violation of the Florida Civil Rights Act ("FCRA");[2] and for intentional infliction of emotional distress pursuant to Florida common law. (Doc. 2.) With respect to her employment discrimination claim, Plaintiff alleges that Defendants implemented a discriminatory change in policy between May and June 2006 that repositioned People

---

[1] 42 U.S.C. §§ 12101-12213.

[2] FLA. STAT. § 760.01 et seq.

Greeters ("greeters")[3] from the side of the entrance/exit area to the center of the foyer. Harold Wade Stevens, Manager of Wal-Mart Store #697, allegedly documented this change in a memorandum ("memo"). Plaintiff complains that Defendants have failed to produce a copy of this memo in a bad faith effort "to hinder Plaintiff's valid action against her employer." (Doc. 18 ¶ 16.) Plaintiff also states that the memo is essential to her ability to prove her *prima facie* case because "the exact contents . . . are crucial as to whether the Plaintiff was otherwise qualified to perform the essential functions of the job." (Doc. 18 ¶ 14.) Accordingly, Plaintiff suggests the appropriate remedy is that the Court provide an adverse presumption instruction or alternatively an adverse inference instruction against Defendants. (Id. ¶ 17. )

Defendants maintain that Plaintiff is not entitled to an adverse presumption or adverse inference instruction because Plaintiff has not shown that the memo was intentionally misplaced, or discarded in bad faith. Defendants also contend that Plaintiff failed to establish that the absence of the memo has impaired her ability to prove her *prima facie* case of disability discrimination.

In support of their position, Defendants point to Mr. Stevens' deposition testimony. During his deposition, Mr. Stevens testified that he routinely had employees sign a document acknowledging that they had been informed of any new procedures to be implemented or followed during their shift. (Doc. 18-7.) It was his custom to discard the document once he was satisfied that the information had been communicated to all employees. (Doc. 21-3, pp. 4-5.)

---

[3] Plaintiff began working as a "People Greeter" in Store #697 on or about May 2002. (Doc. 18 ¶ 2.)

Defendants assert that Plaintiff improperly characterizes the memo as an official Wal-Mart document altering the store policy with respect to the greeters' job description. (Doc. 21 ¶¶ 1, 8.) Defendants describe the memo as an "internal checklist" used by Mr. Stevens as a "personal management tool" to keep track of which employees had been notified of the location change. (Id. ¶¶ 1, 7.) According to Defendants, the decision to move the greeters from the side of the entrance/exit area to the center of the foyer was never reduced to writing and was not intended to alter the greeters' job description. (Doc. 21 ¶ 5.)

Defendants' failure to produce a copy of the memo during discovery as well as Mr. Stevens' deposition testimony suggesting that he "probably" discarded the memo prompted Plaintiff to file the instant motion. (Doc. 18 ¶ 7.)

## II. DISCUSSION

While federal law governs the imposition of sanctions for spoliation[4] of evidence, the Court may look to state law for guidance to the extent that it is consistent with federal law.[5] A party seeking an adverse inference or presumption as a sanction for spoliation of evidence must show that the evidence existed at one time, that the spoliator breached a duty to preserve the evidence, and that the evidence is critical to the moving party's ability to prove her prima facie case or defense.[6] In addition, an

---

[4] Spoliation is "[t]he intentional destruction, mutilation, alteration, or concealment of evidence." BLACK'S LAW DICTIONARY 1409 (7th ed. 1999).

[5] Optowave Co. v. Nikitin, No 6:05-cv-1083-ORL-22-DAB, 2006 WL 3231422, at *8 (M.D. Fla. Nov. 7, 2006) (citing Flury v. Daimler Chrysler Corp., 427 F.3d 939, 944 (11th Cir. 2005)).

[6] Lockheed Martin Corp. v. L-3 Commc'n Corp., No. 6:05-cv-1580-ORL-31KRS, 2007 WL 3171299, at *2 (M.D. Fla. Oct. 25, 2007); Fed. Trade Comm'n v. Nationwide Connections, Inc., No. 06-
(continued...)

adverse inference or presumption instruction is available as a sanction for spoliation of evidence only where the Court finds that the spoliator acted in bad faith.[7] Here, Plaintiff has failed to establish all of the prerequisites necessary to justify the imposition of sanctions against Defendants for their failure to preserve a copy of the memo.

Plaintiff has not sufficiently demonstrated that Defendants breached a duty to preserve the memo while acting in bad faith. The law imposes a duty upon litigants to keep documents that they know, or reasonably should know, are relevant to the matter.[8] Further, "'mere negligence' in losing or destroying [evidence] is not enough."[9] The circumstances surrounding the absence of the evidence must demonstrate the Defendants acted in bad faith.[10]

Plaintiff attempts to establish Defendants' duty to preserve the memo by characterizing it as a "written policy."[11] Defendants respond that the memo was nothing more than Mr. Stevens' personal management tool. Although Mr. Stevens testified that

---

[6](...continued) 80180-CIV, 2007 WL 4482607, at *1 (S.D. Fla. Dec. 19, 2007) (quoting Optowave Co. v. Nikitin, No 6:05-cv-1083-ORL-22-DAB, 2006 WL 3231422, at * 8 (M.D. Fla. Nov. 7, 2006)).

[7] Bashir v. Amtrak, 119 F.3d 929, 931 (11th Cir. 1997); *see also* Nationwide Connections, Inc., 2007 WL 4482607, at *2 (In the Eleventh Circuit, "a finding of bad faith is a prerequisite to the imposition of sanctions for spoliation of evidence").

[8] Optowave, Inc., 2006 WL 3231422, at *7.

[9] Bashir v. Amtrak, 119 F.3d 929, 931 (11th Cir. 1997) (quoting MCCORMICK, EVIDENCE § 273 (1972)).

[10] Id.

[11] According to Plaintiff, the Florida Commission on Human Relations notified Defendants that Plaintiff had filed a complaint alleging employment discrimination against them in August 2006. (Doc. 18-10.) The notice instructed Defendants to produce documents related to "written rules, policies, and procedures . . . which relate to the issues raised in the complaint." Id.

he does not even have an independent recollection of the subject memo,[12] he routinely used memos as a means of communicating with his staff. During Mr. Stevens' deposition, he explained that, because his employees worked at all hours of the day, they were never in the same place all at the same time. Therefore, he used the memo as a sort of checklist to ensure that information was fairly distributed among employees. When he was satisfied that all employees had signed the memo acknowledging receipt of the appropriate information, it was his custom to throw the memo out.[13] Relying upon this testimony the Defendants point out that the subject memo was little more than a checklist and contained no information relevant to the instant matter which would trigger a duty to preserve it.

"A party is not guilty of spoliation when it destroys documents as part of its regular business practices and is unaware of their potential relevance to litigation."[14] Contrary to the Plaintiff's assertion that the memo was a "written policy," the decision to reposition greeters in the center of the foyer was never reduced to writing. Accordingly, there is nothing to suggest that Mr. Stevens was acting in bad faith when he discarded the memo in accordance with his customary practices. Further, it is not readily apparent that Mr. Stevens knew or should have known that the contents of a memo he generated

---

[12] (Docs. 18 ¶ 14, 21 ¶ 10.)

[13] During his deposition, Mr. Stevens testified that he would discard memos after approximately ninety days. (Doc. 21-3.) However, there is no indication that this time frame was anything more than an estimate as to how long it took him to ensure that the memo had served its purpose. Id.

[14] Matya v. Dexter Corp., No. 97-CV-763C, 2006 WL 931870, at *11 (W.D.N.Y. Apr. 11, 2006); see also Fed. Trade Comm'n v. Nationwide Connections, Inc., No. 06-80180-CIV, 2007 WL 4482607 (S.D. Fla. Dec. 19, 2007) (finding an employee did not destroy evidence in bad faith where he discarded his notes after the information contained in the notes was no longer needed and they were discarded in a manner consistent with the employer's document retention policy).

in May or June 2006 for his own personal use would be relevant to a complaint filed nearly two months later.

Secondly, Plaintiff has not established that the missing memo is crucial to her *prima facie* case of employment discrimination. "To make a prima facie case of discrimination under the ADA, [Plaintiff must] show a disability (whether real or perceived), that she was otherwise qualified to perform the essential functions of the job, and she was discriminated against based upon the (real or perceived) disability."[15] Plaintiff argues that the memo is essential to her ability to litigate this matter because "the exact contents of the [memo] are crucial as to whether the Plaintiff was otherwise qualified to perform the essential functions of the job." (Doc. 18 ¶ 14.) Conspicuously absent from Plaintiff's argument is any suggestion as to what inference could properly be drawn as a result of the Defendants' failure to produce the memo.

It is clear from the record, including a review of the summary judgment motions and responses (Docs. 35, 36, 38, 39) that Market Manager, Michael Brown's June 2006 instruction to change the location of people greeters from the side entrance to the center of the foyer was never reduced to writing and did not alter the job description for "people greeters." (*See, e.g.*, Doc. 21-2.) Thus, whatever adverse inference instruction Plaintiff may be requesting would have no relevance at least as to the issues pending before the Court on summary judgment.

---

[15] Williams v. Motorola, Inc., 303 F.3d 1284, 1290 (11th Cir. 2002).

Moreover, the memo is not critical to Plaintiff's ability to prove her case because there is other evidence potentially available to Plaintiff to prove her claim.[16] For example, Plaintiff could offer the testimony of witnesses who saw the memo. Further, and notably, because it is apparent that Mr. Stevens was merely implementing a change initiated by Mr. Brown, Mr. Brown can provide direct and relevant testimony as to the terms of the new "policy." Lastly, the memo is simply not critical to proof of Plaintiff's claim because the details of the change in location of greeters have been extensively addressed in deposition testimony, and as a practical matter, are not seriously in dispute.  As such, the Plaintiff has failed to establish that the memo is critical to proof of her case even if Defendant should have preserved the memo.

Accordingly, for these reasons, Plaintiff's Motion for Presumption and Inference Arising from Spoilation of Evidence Against Defendants (Doc. 18) is due to be **DENIED.**

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on October 17, 2008.

_____
GARY R. JONES
United States Magistrate Judge

Copies to:
All Counsel

---

[16] *See, e.g.*, Epstein v. Toys-R-Us, 277 F. Supp. 2d 1266, 1276-77 (S.D. Fla. 2003) ("[V]ideo tape would have merely constituted one more piece of record evidence in a case involving a substantial (and undisputed) evidentiary record.").